UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

| | : | |
|---|---|---|
| NEW HAMPSHIRE INSURANCE COMPANY, | : | CASE NO. 4:07-CV-2743 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | ORDER & OPINION |
| | : | [Resolving Doc. No. 83] |
| ANDREW SUHAR, ET AL, | : | |
| | : | |
| Defendants. | : | |
| | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Suhar moves this Court to dismiss this action. [Doc. 83.] Plaintiff New Hampshire Insurance Company opposes the motion. [Doc. 85.] For the reasons discussed below, this Court **DENIES** the Defendant's motion to dismiss.

I. Background

With his motion to dismiss, Defendant Suhar argues improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). In the alternative, Defendant Suhar asks the Court to stay this action in favor of *Suhar, Receiver v. New Hampshire Insurance Co.*, a related case then-pending before the Trumbull County Common Pleas Court, 08-cv-2589. Opposing the motion to dismiss, Plaintiff New Hampshire Insurance Company ("New Hampshire") argues that venue is proper in this case because the Plaintiff designated the action as a maritime claim, and so the case is not subject to the venue provisions of 28 U.S.C. § 1391(b). [Doc. 85 at 2 (citing Fed. R. Civ. P. 82).] Rather, New Hampshire says that in an *in personam* admiralty case, venue properly exists anywhere the defendant may be properly served. The Plaintiff notes that Defendant Suhar has not maintained improper service. Further, even if the venue provisions of § 1391(b) applied in this case, New Hampshire

-1-

Case No. 4:07-CV-2743
Gwin, J.

argues venue is proper because the Defendant resides within the jurisdiction of this Court. In response to the motion to stay the case, New Hampshire notes that the state court action has been removed to the United States District Court, Northern District of Ohio, and is currently pending before Judge Dowd. 4:08-cv-2280.

## II. Legal Standard

Generally, 28 U.S.C. § 1391 governs proper venue for filing cases in federal court. However, Rule 82 of the Federal Rules of Civil Procedure excepts admiralty or maritime claims from the scope of 28 U.S.C. § 1391. Fed. R. Civ. Pro. 82. The Supreme Court has held that in an *in personam* admiralty claim, venue is proper wherever the defendant can be personally served. *In re Louisville Underwriters*, 134 U.S. 488, 490 (1890). On a motion to dismiss, "[t]he defendant bears the burden of establishing that venue is improper." *IFL Group, Inc. v. World Wide Flight Servs.*, 306 F. Supp. 2d 709, 711 (E.D. Mich. 2004).

## III. Analysis

Plaintiff New Hampshire Insurance Company filed this case as an admiralty claim. Therefore, venue is proper wherever the Defendant could have been served. In this case, Defendant Suhar has never raised the argument that service upon him was improper. Suhar's motion to dismiss under Rule 12(b)(3) consists of one sentence and no argument. Under these circumstances, the Court finds that the Defendant has failed his burden of establishing that venue is improper. As a result, the Plaintiff's choice of venue does not warrant dismissal. Because there is not currently a pending state court matter overlapping with this case, the Court also denies the motion to stay the case in favor of state court proceedings.

Case No. 4:07-CV-2743
Gwin, J.

IV. Conclusion

For the foregoing reasons, this Court **DENIES** the Defendant's motion to dismiss. [Doc. 83.]

IT IS SO ORDERED.


Dated: November 4, 2008                  s/ *James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE