UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                          :
NEW HAMPSHIRE INSURANCE            :          CASE NO. 4:07-CV-2743
COMPANY,                                          :
                                                          :
                    Plaintiff,                        :
                                                          :
vs.                                                     :          ORDER & OPINION
                                                          :          [Resolving Doc. No. 59]
ANDREW SUHAR, ET AL,               :
                                                          :
                    Defendants.                     :
                                                          :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    Plaintiff New Hampshire Insurance Company moves this Court for summary judgment.[1/]

[Doc. 59.]  Defendant Suhar opposes summary judgment. [Doc. 79-1.]  For the reasons discussed

below, this Court **DENIES** the Plaintiff's motion for summary judgment.

<h2 style="text-align:center">I. Background</h2>

    In 2003, Defendant National Marine, Inc., operated an enterprise that sold high-performance

boats.  Plaintiff New Hampshire Insurance Company ("New Hampshire") issued a marine insurance

policy to National Marine, effective November 1, 2003 to November 1, 2004.  Plaintiff New

Hampshire cancelled the policy on August 24, 2004, for non-payment of the premium.  In 2004,

after problems began to surface regarding the business practices of National Marine, the Trumbull

County  Court of Common Pleas established a receivership for the company and designated

Defendant Suhar as the receiver. *See Home Sav. & Loan Co. Of Youngstown, Ohio v. Nat'l Marine,*

---

[1/] Plaintiff New Hampshire filed the motion as a partial summary judgment motion. At the time, the motion only applied to Counts Six and Seven, claims for rescission and restitution, respectively, of the Plaintiff's First Amended Complaint. [Doc. 34.] Those counts are now the only remaining counts of New Hampshire's Second Amended Complaint. [Doc. 81.] The Court will therefore refer to the motion as simply a motion for summary judgment.

Case No. 4:07-CV-2743
Gwin, J.

*Inc.*, No. 2004-CV-1999 (Trumbull County Ct. C.P. filed Aug. 13, 2004).  The state court receivership action remains pending.

On September 11, 2007, Plaintiff New Hampshire Insurance Company filed a complaint in this Court against Defendants Andrew Suhar, Receiver for National Marine, Inc.; National Marine, Inc.; Bill Hionas, individually and doing business as National Auto & Marine; and Norm Stull. [Doc. 1.] In the initial complaint, Plaintiff New Hampshire sought declaratory judgment that it was not obligated to defend or indemnify any of the Defendants for claims against them, rescission of the insurance policy, and restitution of fees already expended in defending National Marine.  In support of its complaint, New Hampshire claimed that misrepresentations made in the application for the insurance policy rendered the policy void *ab initio*.  Over the course of this action, the Plaintiff has twice amended its complaint. [Docs. 34, 81.] In its Second Amended Complaint, Plaintiff New Hampshire dropped its claims for declaratory judgment, leaving only the claims for rescission of the insurance policy and restitution. [Doc. 81.]

As will be described, in support of its motion for summary judgment, Plaintiff New Hampshire mostly relies upon certain requests for admission.  On November 8, 2007, Plaintiff New Hampshire propounded a request for admissions to Defendants National Marine, Inc., and Hionas. [Doc. 56, Ex. A.]  Neither Defendant responded to the request, and, after a hearing on the matter, on December 11, 2007, Magistrate Judge Limbert recommended the request and its contents be admitted in their entirety.  [Doc. 56.] Defendants failed to object to this order.[2/]  Notably, the

_____

[2/]The Federal Magistrates Act requires a district court to conduct a de novo review only of those portions of a Report and Recommendation to which the parties have made an objection. 28 U.S.C. § 636(b)(1). Parties must file any objections to a Report and Recommendation within ten days of service. Id.  Failure to object within that time waives a party's right to appeal the magistrate judge's recommendation.  See Fed. R. Civ. P. 72(a); *Thomas v. Arn*, 474 U.S. 140, 145 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Case No. 4:07-CV-2743
Gwin, J.

admissions stated that the insurance application did not make full disclosure of all material facts; that on the application Defendants National Marine and Hionas misrepresented the maximum value of vessels to be covered by the policy; and that the Defendants violated the duty of *uberrimae fidei* under maritime law. [Doc. 56, Ex. A at 8-9.]

In support of the instant motion for summary judgment, filed on March 12, 2008, Plaintiff New Hampshire argues that the lack of any responsive pleading from Defendants National Marine and Hionas, coupled with the admissions, entitle New Hampshire to summary judgment on the claims for rescission and restitution. [Doc. 59.] Because the admissions parallel the allegations made in the claims for rescission and restitution, New Hampshire argues that there is no genuine issue as to any material fact.

Opposing the motion for summary judgment, Defendant Suhar similarly relies on a request for admissions. [Doc. 79-1.] Defendant Suhar propounded his request for admissions to Defendant Hionas on July 16, 2008. [Doc. 79-2.] According to Defendant Suhar, his request for admissions was "designed to controvert each and every fact deemed admitted consequent to Plaintiff's requests for admission to which no response was forthcoming." [Doc. 79-1.] Because Defendant Hionas did not respond to Suhar's request for admissions within 30 days, Defendant Suhar argues that the facts therein are now deemed admitted, thereby creating genuine issues as to material facts.

In its reply in support of summary judgment, Plaintiff New Hampshire challenges Defendant Receiver Suhar's standing to oppose the motion for summary judgment. [Doc. 82.] New Hampshire argues that a liability insurance policy is not the property of a receivership because the policyholder would have no claim to the proceeds of the policy. [*Id.* at 1-3.] Further, New Hampshire challenges the procedure by which Defendant Suhar opposed summary judgment. First, the Plaintiff questions

Case No. 4:07-CV-2743
Gwin, J.

whether Suhar's request for admissions was properly served on Defendant Hionas. Then, the Plaintiff asserts that under Federal Rule of Civil Procedure 36(b), the only proper way for Defendant Suhar to challenge New Hampshire's request for admissions would have been to move the Court to withdraw or amend the admissions. [*Id.* at 6.]

## II. Legal Standard

### A. Standing

Under Ohio law, a state court can appoint a receiver to attend to the affairs of a dissolved corporation. O.R.C. § 2735.01(E). The duties of a receiver include bringing and defending actions as well as overseeing the corporation's property as the court authorizes. O.R.C. § 2735.04. Insurance, both the policy and the proceeds, becomes property of the estate when the insurance policy contractually obligates the insurer to defend and to indemnify the insured. *See Homsy v. Floyd (In re Vitek, Inc.), 51 F.3d 530, 535 (5th Cir. 1995).*[3/] In such a situation, the insurance policy obligations run between the insured and insurer, although proceeds ultimately benefit injured third parties.

### B. Summary Judgment

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element

---

[3/]Although an earlier Firth Circuit decision held that when a policyholder "has no legally cognizable claim to the insurance proceeds, those proceeds are not property of the estate," *Houston v. Edgeworth (In re Edgeworth), 993 F.2d 51, 56 (5th Cir. 1993),* the "vast majority of courts do not bother to distinguish owernship of insurance policies from ownership of the proceeds of those policies, but treat that the two go hand-in-hand." *Homsy v. Floyd (In re Vitek, Inc.), 51 F.3d 530, 534* no.17 (5th Cir. 1995) (limiting *In re Edgeworth* to its facts).

Case No. 4:07-CV-2743
Gwin, J.

of the non-moving party's case. *Waters v. City of Morristown,* 242 F.3d 353, 358 (6th Cir. 2001).

A fact is material if its resolution will affect the outcome of the lawsuit. *Daughenbaugh v. City of Tiffin,* 150 F.3d 594, 597 (6th Cir. 1998).

The moving party meets its burden by "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986) (*quoting* Fed. R. Civ. P. 56(c)). However, the moving party is under no "express or implied" duty to "support its motion with affidavits or other similar materials negating the opponent's claim." *Id.* Once the moving party satisfies its burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 585-86 (1986). It is not sufficient for the nonmoving party merely to show that there is some existence of doubt as to the material facts. *Id.* at 586. Nor can the nonmoving party "rely merely on allegations or denials in its own pleading." Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party. *Nat. Enters., Inc. v. Smith,* 114 F.3d 561, 563 (6th Cir. 1997). "The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial." *Ivy Street Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987) (*citing First Nat'l Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 288-89 (1968)); *see also Celotex,* 477 U.S. at 322. Ultimately the Court must decide "whether the evidence presents sufficient disagreement to require submission to a jury or

Case No. 4:07-CV-2743
Gwin, J.

whether it is so one-sided that one party must prevail as a matter of law." *Terry Barr Sales Agency,*

*Inc. v. All-Lock Co.,* 96 F.3d 174, 178 (6th Cir. 1996) (internal quotations omitted).[4]

### III. Analysis

*A. Standing*

The Trumbull County Court of Common Pleas duly appointed Defendant Suhar as receiver

for National Marine, Inc. *See Home Sav. & Loan Co. Of Youngstown, Ohio v. Nat'l Marine, Inc.*,

No. 2004-CV-1999 (Trumbull County Ct. C.P. filed Aug. 13, 2004). Defendant Suhar therefore has

the power to oversee the property of National Marine, Inc. The liability insurance policy issued by

Plaintiff New Hampshire Insurance Company to Defendant National Marine, Inc., is property under

the control of the receivership. The policy represents an inchoate right to be defended and

indemnified. The insured, and the Receiver own these rights. Using similar language for different

elements of coverage, the policy requires Plaintiff New Hampshire "to pay all sums which the

"insured" legally must pay." [Doc 1, Ex. C at 22.]  This obligation runs from Plaintiff New

Hampshire to the Defendants, not to third parties. If valid, the liability insurance policy requires

New Hampshire to defend against claims, and, where necessary, to pay damages on successful

claims. The liability insurance policy and its proceeds are property of the receivership.

Although Plaintiff New Hampshire claims its motion for summary judgment does not seek

direct relief from Defendant Suhar, [Doc. 82 at 1],  the receiver has standing to oppose the motion.

If New Hampshire were to succeed on summary judgment, the insurance policy would be declared

void *ab initio*, and Defendants National Marine and Hionas would owe Plaintiff New Hampshire

---

[4] Although there is no jury demand in this case, the question remains whether there is sufficient disagreement
to require a trial or whether the evidence is so one-sided that one party must prevail as a matter of law.

Case No. 4:07-CV-2743
Gwin, J.

restitution.  With National Marine, Inc., now in receivership, Defendant Suhar would suffer the consequences of such a ruling.  The receivership would not only be required to pay the restitution, but also defend against and pay future claims against National Marine.  Because the summary judgment Plaintiff New Hampshire seeks would dispose of the case entirely, and would affect the property of the receivership, Defendant Suhar enjoys standing to oppose the motion for summary judgment.  In sum, a receiver has power over a liability insurance policy, and has standing to oppose a motion for summary judgement that implicates the validity of such a policy.

*B. Summary Judgment*

Plaintiff New Hampshire bases its motion for summary judgment based solely on the request for admissions to Defendants National Marine and Hionas, that have been admitted. [Doc. 56.] Those admissions included facts material to this case regarding National Marine's application for an insurance policy from New Hampshire Insurance Company.  [Doc. 56, Ex. A at 8-9.] Those facts were challenged by Defendant Suhar in his request for admissions directed toward Defendant Hionas.  Suhar's propounded admissions included the exact opposite facts. [Doc. 79-2 at 2-3.]

Plaintiff New Hampshire argues, however, that Defendant Suhar's propounded admissions were not properly deemed admitted. [Doc. 82 at 3-6.] First, the Plaintiff challenges whether the request for admissions was properly served on Defendant Hionas. [*Id.* at 6.] Upon request of the Court, Defendant Suhar submitted proof of service, certifying that the request was mailed on July 16, 2008, to Defendant Hionas at his address in Miami Beach, Florida, and not returned by the postal service. [Doc. 92.] Therefore, the Court finds that the Defendant Suhar's request for admissions was properly served on Defendant Hionas.  Moreover, the Court notes there has been no response to Defendant Suhar's request for admissions, and so according to Rule 36(a)(3), the admissions are

-7-

Case No. 4:07-CV-2743
Gwin, J.

deemed admitted.

Plaintiff New Hampshire further argues that Defendant Suhar's request for admissions was not an appropriate way to challenge the Plaintiff's propounded admissions that have been admitted. New Hampshire points to Federal Rule of Civil Procedure 36(b) that states, "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). The Plaintiff reasons that because Defendant Suhar did not move the Court for withdrawal or amendment of the admissions propounded by New Hampshire, Suhar cannot challenge the first set of admissions by submitting his own request for admissions. New Hampshire argues that such a result would render Rule 36 meaningless. [Doc. 82 at 4-5.]

In support of this argument, the Plaintiff relies on a decision from a district court in Connecticut that held that a Plaintiff who failed to respond to a request for admissions could not oppose summary judgment based on a statement of facts in opposition to the admissions. *O'Bryant v. Allstate Ins. Co.*, 107 F.R.D. 45 (D. Conn. 1985). The case before this Court is easily distinguished from the *O'Bryant* case. In *O'Bryant*, the same party failed to respond to the request for admissions and then sought to oppose summary judgment based on a repudiation of the admissions. In that situation, the district court held that a party should not benefit from its own failure to follow the procedures provided in the Federal Rules. *O'Bryant*, 107 F.R.D. at 48. The case before this Court has multiple Defendants, which changes the analysis. Defendants National Marine and Hionas failed to respond to the Plaintiff's request for admissions, while Defendant Suhar opposes summary judgment based upon other admissions. Defendant Suhar is not responsible for the failure of Defendants National Marine and Hionas to respond to the request for admissions, but

-8-

Case No. 4:07-CV-2743
Gwin, J.

Suhar will suffer if summary judgment is granted based solely on those admissions.  As discussed

above, Suhar has standing to oppose summary judgment because the result implicates his interest

in the property of the receivership of National Marine.  The Court finds that Defendant Suhar's

request for admissions is a valid means of creating a genuine issue of material fact and thereby

opposing summary judgment.

In determining whether a genuine issue as to any material fact exists in this case, the Court

notes that currently the admissions propounded by both sides are the only evidence presented on the

issue of the validity of the marine insurance policy.  With its propounded admissions, Plaintiff New

Hampshire initially successfully suggested the absence of a genuine issue of material fact.  The

burden then shifted to the non-moving parties to set forth specific facts showing a triable issue.  The

Court finds that Defendant Suhar has shown a genuine issue of material fact regarding whether there

were misrepresentations in the application for the insurance policy that would render the policy void

*ab initio*.  With his request for admissions, Defendant Suhar shows that the issue is triable.  Because

Suhar's propounded admissions were not answered, they are admitted under Rule 36.  Therefore,

the Court believes a trial to be the best forum to resolve the parties' differing versions of the dispute.

Case No. 4:07-CV-2743
Gwin, J.

IV. Conclusion

For the foregoing reasons, this Court **DENIES** the Plaintiff's motion for summary judgment.
[Doc. 59.]

IT IS SO ORDERED.

Dated: November 12, 2008                              s/          *James S. Gwin*
                                                                    JAMES S. GWIN
                                                                    UNITED STATES DISTRICT JUDGE